IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

STEVEN R. HURT,

    **Plaintiff,**

v.                                      CIVIL ACTION NO. 5:22-cv-43
                                             **(Judge Bailey)**

D. TATE, Warden,

    **Defendant.**

## REPORT AND RECOMMENDATION
## 42 U.S.C. § 1983

On March 7, 2022, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendant as well as a Motion for Leave to Proceed *in forma pauperis*. Therefore, this matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §1915(e)[1]

### I. Plaintiff's Contentions

**A. The Complaint**

The plaintiff alleges that he was denied outside medical attention for almost eight months for his illness. It appears the plaintiff alleges that he contracted COVID 19, which almost killed him and left him physically weak and mentally distraught. The plaintiff also alleges that records at the Eastern

---

[1] 28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...
    (B) the action or appeal-
        (I)   is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

Regional Jail will plainly show negligence in the delay. For relief, the plaintiff seeks expungement of his sentence or an immediate transfer to another "capable" medical facility, and monetary damages in the amount of $1,000 per day for every day he was without medication.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. *See* Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *See* Neitzke at 327 and Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. *See* Estelle v. Gamble, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged t construe liberally such complaints. However, in Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations

...

in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations." it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court elaborated on its holding in Twombly in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), a civil rights case.  The court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must except as true all of the allegations contained in a complaint is in inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we " are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S.Ct. At 1949-50.

### III. Analysis

The plaintiff's complaint indicates that he is attempting to state a claim under 42 U.S.C. § 1983 which  provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

In the instant case, plaintiff makes no specific allegations of a violation of any constitutional right against the defendant. Instead, it appears that plaintiff merely names him in his official capacity as the administrator of the Eastern Regional Jail. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. Id. at 166. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. Id. (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). Here, the plaintiff has made no allegation that would support such a finding. Furthermore, to the extent the plaintiff may be attempting to allege that the administrator is somehow responsible for medical policies, the undersigned notes that the Fourth Circuit has held that non-medical personal may rely on the opinion of medical staff regarding the proper treatment of inmates. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Finally, to the extent that the plaintiff may be asserting that the defendant was deliberately indifferent to his needs by denying his administrative grievances, that claim is also without merit because that is not the type of personal involvement

required to state a claim.  See Paige v. Kuprec, 2003 W.L. 23274357 *1 (D.Md. March 31, 2003).

## IV.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that:

(1) the plaintiff's complaint be **DISMISSED with PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim on which relief may be granted; and

(2) the plaintiff's Motion for Leave to Proceed *in forma pauperis* **[Doc. 2]** **be DENIED as MOOT.**

The plaintiff is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to United States District Judge John Preston Bailey.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver**

5

**of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). .

    The Clerk of Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the district court, the Clerk is directed to terminate the Magistrate Judge's association with this case and removed the pro se law clerk flag.

DATED: May 23, 2022

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE